IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NAOMI RENEE MORRIS                                                                  PLAINTIFF

V.                                             CAUSE NO.: 1:14CV223-SA-DAS

TRI-STATE TRUCK CENTER                                          DEFENDANT

MEMORANDUM OPINION

Plaintiff alleges she was terminated from her employment because of her age. Defendant has filed a Motion for Summary Judgment [49]. After reviewing the claims, arguments, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Tri-State Truck Center specializes in the sale of medium and heavy-duty trucks and truck parts and repairs on those vehicles. Tri-State currently has nine branches over the Southeast and is headquartered in Memphis, Tennessee. From 2008 to 2012, the record indicates that Tri-State underwent some managerial changes from its family owned and operated status. While the Maddox brothers were still owners in 2012, they sent out a memo highlighting the hire of "young, aggressive managers" to continue Tri-State's national operations. One such manager was Jason McAlister, who was hired to assume the Chief Financial Officer and has since been named Chief Operating Officer as well. McAlister introduced a series of internal reports detailing the days a repair order was outstanding until invoiced, and the number of repair orders invoiced each day of the month.

Renee Morris was hired by Tri-State Truck Center in 1988 as a secretary in the service center. Over her twenty-five years of employment with the company, Morris was promoted to

the service writer position, and eventually, to the service advisor position. As noted in her job description signed by Morris, her responsibilities included:

> 2. Provid[ing] customer service to our customers (Information, Help in anyway)
>
> 3. Writ[ing] up customer jobs and work orders. (Verify all serial numbers, mileage and information)
>
> 4. Clos[ing] work orders and jobs. (This is very important; all jobs should be closed on a timely bas[i]s. No job should be left open after the unit is repaired longer than seven days.) . . . Always be polite in this process and contact [the Service Manager or Branch Manager] with any problems. Jobs that cannot be closed in a timely manner should be brought to my attention. . . .

She was supervised by both the Service Manager, who for most of her tenure at Tri-State, was Terry Willard, and the Branch Manager of the Tupelo Office. Terry Willard retired in 2011 and was replaced by Steve Heatherly, and Al Stephens joined the Tupelo office as Branch Manager shortly thereafter.

Prior to joining the Tupelo office, Heatherly reviewed that office's internal reports and spoke with Morris and the Warranty Clerk, Camilla Roberts, about the timely closing and invoicing of repair orders. The policy of Tri-State, as understood by Morris, was for all repair orders to be closed and invoiced within five days. According to Tri-State, however, Morris would not work to close and invoice those orders until the last days of the month. Her 2011 and 2012 evaluations show that Morris received a low rating on her "Quantity of Work" for failing to close work orders in a timely manner.

On August 7, 2012, Heatherly and Stephens issued a "Final Warning" to Morris that "[y]our inability to close work orders with in the standards set nationally was previously discussed with you and noted by your manager." Further,

> [e]ffective immediately you are expected to close repair orders in a timely manner, advise service manager of any problems on work orders that trucks

> have been repaired truck [sic] is done and ready for delivery that is over four days old and have not been invoiced. Increase contact with customers on estimates, repairs and maintenance work performed in shop with positive attitude and aptitude.

Numerous email exchanges between Heatherly, Stephens, and Morris, regarding the importance of timely invoicing as soon as feasible after the repair order was completed, were traded during the next seventeen months. In November of 2013, after noticing that Morris was able to close more than sixty tickets on the last day of the October 2013 month, Stephens and Heatherly called Jason McAlister, at the Tri-State headquarters, to inform him of their intent to terminate Morris' employment. McAlister informed them of the company's policy not to discharge employees during the holidays.

On January 3, 2014, Stephens and Heatherly terminated Morris from her employment for "[f]ailure to possess a friendly and positive attitude with our customers. Behavior and attitude towards your work duties, lack of performance in the duties required of invoicing repair orders." Stephens additionally wrote Morris an explanatory letter stating, "[t]he reason for this termination is a lack of performance in the duties required of invoicing repair orders in a timely manner and the failure to possess a friendly and positive attitude with our customers. We regret to state that despite [] giving sufficient opportunity there is no improvement in your work production or your behavior and attitude towards your duties . . . ."

Morris was 52 years old when she was terminated. She was replaced by Janson Goff, 46 years old. Morris filed an EEOC charge on January 22, 2014, alleging she was terminated because of her age in violation of the Age Discrimination in Employment Act (ADEA).

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the

moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

Under the ADEA, an employer may be liable for "discharg[ing] any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To prove discriminatory termination under the ADEA, the plaintiff must show that but for the alleged discrimination, she would not

have been terminated. *Gross v. FBL Financial Servs., Inc.,* 557 U.S. 167, 176, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009). When, as here, a plaintiff seeks to establish her claim with circumstantial evidence only, the Court assesses the sufficiency of the evidence using the *McDonnell Douglas* burden-shifting framework. *Miller v. Raytheon Co.,* 716 F.3d 138, 144 (5th Cir. 2013) (citation omitted).

Within the *McDonnell Douglas* contours, Morris must first establish a prima facie case of age discrimination, "at which point, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the employment decision." *Berquist v. Wash. Mut. Bank,* 500 F.3d 344, 349 (5th Cir. 2007). If Tri-State meets its burden of production, Morris must introduce evidence from which a jury could infer that the employer's proffered reasons are not true—but are instead a pretext for discrimination—or that even if Tri-State's reasons are true, Morris was terminated "because of" her age. *Miller,* 716 F.3d at 144 (citing *Gross,* 557 U.S. at 180, 129 S. Ct. 2343). To demonstrate pretext under the ADEA, Morris must offer evidence to rebut *each* of the employer's proffered reasons. *EEOC v. Tex. Instruments Inc.,* 100 F.3d 1173, 1180 (5th Cir. 1996) (en banc) (quoting *Grimes v. Tex. Dept. of Mental Health & Mental Retardation,* 102 F.3d 137, 140–41 (5th Cir. 1996)).

For purposes of this motion, Tri-State has not contested that Plaintiff can meet the prima facie burden. Accordingly, the burden now shifts to Tri-State to provide at least one legitimate nondiscriminatory reason for terminating Morris. *Berquist,* 500 F.3d at 349. Tri-State's reason or reasons for the adverse employment action need not be persuasive or credible. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993); *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 898 (5th Cir. 2002). Instead, its burden is to produce "evidence, which, 'taken as true, would permit the conclusion that there was a nondiscriminatory

reason for the adverse action.'" *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (quoting *Hicks*, 509 U.S. at 509, 113 S. Ct. 2742).

Tri-State contends that Morris was terminated due to her dilatory performance of closing and invoicing repair orders, as well as her failure to provide a friendly and positive attitude toward Tri-State customers. To surpass this stage of the burden-shifting framework, Tri-State must only "clearly set forth, through the introduction of admissible evidence, the reasons for [its decision]." *Turner v. Kansas City S. Ry. Co.*, 675 F.3d 887, 901 (5th Cir. 2012) (quoting *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254–55, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)). Accordingly, the Court finds that Tri-State has satisfied its burden of production here.

Proceeding to the final stage in the *McDonnell Douglas* analysis, Morris must provide sufficient evidence from which a jury could reasonably infer that Tri-State's reasons are merely pretextual, or that even if the reasons are true, her age was the but-for cause of his termination. *Miller*, 716 F.3d at 144 (citation omitted). Pretext may be demonstrated "through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quoting *Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 378–79 (5th Cir. 2010)). Morris pursues the latter path by arguing Tri-State's proffered reasons for her termination are untrue.

Morris attempts to discredit Tri-State's proffered reason for termination by offering testimony of former customers, her former Service Manager, and the Warranty Clerk. For example, Morris attached six deposition transcripts from Tri-State customers that were identified by Stan Heatherly as having made complaints about Morris's bad attitude. Plaintiff attempts to

color the complaints testified to as general complaints about either the women in the office or everyone at Tri-State.

The Fifth Circuit has explained, however, that a plaintiff cannot meet his evidentiary burden by showing the employer was mistaken in its decision; rather, the plaintiff must demonstrate "that [the defendant] did not in good faith believe the allegations, but relied on them in a bad faith pretext to discriminate against him on the *basis of his age*." *Swenson v. Schwan's Consumer Brands N. Am.,* 500 F. App'x 343, 346 (5th Cir. 2012) (citing *Waggoner v. City of Garland, Tex.,* 987 F.2d 1160, 1166 (5th Cir. 1993)). Al Stephens commented that customers receiving their invoices later than they anticipated because Morris was not billing them until the end of the month, complained of such practice. Although some customers may not have mentioned Morris by name, their complaints stemmed from her dilatory performance. Morris cannot prevail by merely showing that she should not have been terminated because particular customers were not complaining about her. *Id.* To establish pretext, she must produce evidence demonstrating that it was not a true reason for her termination. *Waggoner,* 987 F.2d at 1166.

Morris also attempts to argue that the delays in invoicing repair orders were not solely her fault. She contends that sometimes jobs were held up waiting for parts, warranty status, or for the service manager to "flat rate" the labor pricing. She also noted that closing repair orders was not her sole duty and that her work load was ever increasing. Morris, however, does not dispute that she did close over sixty open repair orders on the last day of October in 2013. She presented no evidence and made no contention that she did not, in fact, hold those invoices until the end of the month, a reason specified for her termination.

The Fifth Circuit has emphasized that to prevail under the ADEA by showing pretext, the plaintiff must rebut "*each of the employer's stated reasons*" proffered in support of its

7

employment decision. *Tex. Instruments,* 100 F.3d at 1180 (quoting *Grimes,* 102 F.3d at 140–41); *see also Newman v. Sanderson Farms, Inc.,* 2011 WL 5511707, at *4 (S.D. Miss. Nov. 20, 2011) (finding summary judgment appropriate in age discrimination case when plaintiff was unable to rebut two of the five reasons asserted by the employer). Thus, there is insufficient evidence of pretext regarding Tri-State's articulated justification.

As other evidence of her alleged discrimination, Morris contends that she was told on "several occasions" that she was "too old" by Stan Heatherly, but she was unable to remember the exact quote, even an approximate date of such remarks. She further testified to an ongoing joke between herself and Heatherly about Heatherly's age because he was nine months younger than Morris. When asked if she would remember him telling her that she was old, she answered, "I probably would have remembered because that was a joke, an age joke because we always teasing him because he wanted to be younger than he was." She additionally references the phrase used by the Maddox brothers that "young, aggressive managers" would soon take the reins of the Tri-State enterprise. When asked what kind of evidence, statements, or documents, she had to support her claim that she was terminated because of her age, Morris acknowledged that she had none.[1]

"Where a plaintiff offers remarks as circumstantial evidence, *alongside other alleged discriminatory conduct*, he must show (1) discriminatory animus (2) on the part of the person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decision maker." *Ng-A-Mann v. Sears, Roebuck & Co.*,

---

[1] She further claims that other older employees were forced to retire or "pushed out as a full-time employee" because of their age. In particular, Plaintiff notes that she overheard Jason McAlister berating Terry Willard over the phone because he was "too old," effectively forcing Willard to retire early. Terry Willard's deposition testimony did not support that contention. Conclusory allegations and unsubstantiated assertions are not "an adequate substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co.*, 276 F.3d at 759.

8

627 F. App'x 339, 342 (5th Cir. 2015) (citing *Reed v. Neopost USA, Inc.,* 701 F.3d 434, 441 (5th Cir. 2012)). Here, no other discriminatory conduct is alleged or put forth by Plaintiff. *See Palasota v. Haggar Clothing Co.,* 342 F.3d 569, 577 (5th Cir.2003) ("After *Reeves,* ... so long as remarks are not the only evidence of pretext, they are probative of discriminatory intent."); *see also Reed,* 701 F.3d at 441 ("Where a plaintiff offers remarks as circumstantial evidence *alongside other alleged discriminatory conduct,* ... we apply a more flexible two-part test." (emphasis added) (citations omitted); *Bugos v. Ricoh Corp.,* 2008 WL 3876548, at *6 (5th Cir. Aug. 21, 2008) (per curiam) (unpublished opinion) ("Because Brown's workplace comments are the only circumstantial evidence of pretext, and, standing alone, they are not probative, we affirm the district court's grant of summary judgment"); *Paulissen v. MEI Techs., Inc.,* 942 F. Supp. 2d 658, 671 (S.D. Tex. 2013) ( "[E]ven under th[e] relaxed standard [articulated in *Russell* ], age-related remarks cannot be the only evidence of pretext.").

Further, based on Plaintiff's testimony regarding the remarks, they do not suggest age-based animus. *Compare Reed,* 701 F.3d at 441–42 (holding that stray remarks were not evidence of age animus in part because they were "sporadic"), *and Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 900 (5th Cir. 2002) (holding that a similar "old guy" comment, made in response to a "young guy" comment, was not evidence of discriminatory animus), *with Russell,* 235 F.3d at 226 (holding that an "old bitch" comment was evidence of discriminatory animus when it was made so frequently that the plaintiff had to wear earplugs and when the comments continued even after the plaintiff confronted the employee about what he was saying). *Squyres v. Heico Companies, LLC*, 782 F.3d 224, 236 (5th Cir. 2015).

Therefore, the comments are not probative because they are the only evidence of pretext. *See Bugos v. Ricoh Corp.*, 2008 WL 3876548, at *5 (5th Cir. Aug. 21, 2008) (where the

supervisor's comments that "women work harder than men," "women are better employees than men," and "women are better received by the customer than men" were the only evidence of pretext, those comments were not probative). Because Morris has failed to adduce any evidence of pretext other than age-related comments, she cannot defeat summary judgment on her ADEA claim by relying on this evidence alone.

As the Supreme Court has stated, to prevail under the ADEA, the plaintiff must ultimately "prove, by a preponderance of the evidence, that age was the 'but-for' cause of the employer's adverse action." *Gross,* 557 U.S. at 176, 129 S. Ct. 2343. Considering all evidence as a whole in the record, the Court finds that Morris has failed to carry this burden here, and that summary judgment is appropriate.

*Conclusion*

Plaintiff has failed to present evidence showing a genuine issue of material fact that she was terminated because of her age. Accordingly, Defendant's Motion for Summary Judgment [49] is GRANTED, the Plaintiff's claims are DISMISSED, and this case is CLOSED.

SO ORDERED, this the 11th day of April, 2016.

                                         **/s/ Sharion Aycock**
                                         **U.S. DISTRICT JUDGE**